# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| Jennie Rosswurm<br><br>And<br><br>Eric Rosswurm,<br><br>    Plaintiffs,<br><br>v.<br><br>Dynamic Recovery Services, Inc<br><br>And<br><br>John Doe, AKA Frederick Lang<br><br>And<br><br>Jane Doe,<br><br>    Defendants. | Case No.: 1:08CV0300 JM<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are natural persons residing at 607 S. Van Buren, Auburn, IN 46706.

3. Plaintiffs incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §1692a(3).

5. Defendant Dynamic Recovery Services, Inc. ("DRS") is a private corporation, with its principal place of business at 4101 McEwen Rd., Suite 150, Farmers Branch, TX 75244.

1

6. At the time of the communications referenced herein, DRS either owned the debt or was retained by the owner to collect the debt

7. DRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Defendant John Doe ("Lang") is a natural person, who at the time of the communications referenced herein, was employed at DRS and used the name or alias of "Frederick Lang".

9. Lang is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant Jane Doe ("Doe") is a natural person, who at the time of the communications referenced herein, was employed at DRS and either acted or claimed to act as Lang's supervisor.

11. Doe is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

13. On or around October 15, 2008, Lang telephoned Plaintiff Jennie Rosswurm ("Jennie") at her place of employment in an effort to collect the debt.

14. During this communication, Jennie notified Lang that Jennie's employer prohibited Jennie from receiving personal calls at her place of employment.

15. During this communication, Jennie notified Lang that DRS's telephone calls to Jennie's place of employment were inconvenient.

16. During this communication, Lang threatened to garnish Jennie's wages and place a lien on Plaintiffs' house unless Plaintiffs satisfied the debt by Friday of that week.

17. Despite Plaintiff's notice, Lang telephoned Jennie at her place of employment on or around October 17, 2008.

18. During this communication, Jennie again notified Lang that DRS should not telephone Jennie at her place of employment.

19. During this communication, Defendant again threatened to garnish Jennie's wages and place a lien on Plaintiffs' house unless Plaintiffs satisfied the debt.

20. On or around October 17, 2008, Plaintiff Eric Rosswurm ("Eric") telephoned DRS and spoke to Doe, who claimed to be Lang's supervisor.

21. During this communication, Doe misrepresented that DRS could involuntarily remove Plaintiffs from their home.

22. On or around October 20, 2008, Lang telephoned Jennie's place of employment and spoke to Jennie's boss ("Boss").

23. During this communication, Boss notified Lang that Boss did not permit Jennie to receive personal calls at work.

24. During this communication, Lang spoke to Boss in an abusive manner.

25. During this communication, Lang accused Boss of "hiding" Jennie.

26. On or around October 22, 2008, Lang again telephoned Jennie at her place of employment.

27. During this communication, Jennie again notified Lang not to call her place of employment and hung up the telephone.

28. On or around October 23, 2008, Lang again telephoned Jennie at her place of employment.

29. During this communication, Jennie again notified Lang not to call her place of employment.

30. During this communication, Lang spoke to Jennie in an abusive manner.

31. During this communication, Lang screamed that he did not care what Jennie said.

32. On or around October 23, 2008, Jennie telephoned DRS and spoke to Lang.

33. During this communication, Jennie reiterated that both she and Boss had notified DRS not to telephone her place of employment and again requested that DRS cease such calls.

34. During this communication, Lang spoke to Jennie in an abusive manner.

35. During this communication, Lang claimed that he had looked into it and discovered that the person whom claimed to be Jennie's boss was lying and was not actually her boss.

36. During this communication, Lang repeatedly asserted that he was smarter than Jennie.

37. Defendants damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

38. Defendants violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

39. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

40. DRS and Lang violated 15 U.S.C. §1692c by calling Jennie at her place of employment after they knew or had reason to know that her employer prohibited her from receiving their phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

41. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

42. DRS and Lang violated 15 U.S.C. §1692c by calling Jennie at a time and/or place known to be inconvenient for Jennie.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

43. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

44. DRS, Lang, and Doe violated 15 U.S.C. §1692d in that they used harassing, oppressive, and/or abusive language during their communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

45. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

46. DRS, Lang, and Doe violated 15 U.S.C. §1692e in that they falsely represented the character, amount, and/or legal status of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

47. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

48. DRS, Lang, and Doe violated 15 U.S.C. §1692e in that they threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

49. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

50. DRS, Lang, and Doe violated 15 U.S.C. §1692e by making misrepresentations during their communications in connection with the collection of the debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

51. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

52. DRS, Lang, and Doe violated 15 U.S.C. §1692f in that their actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

53. Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

54. Plaintiffs pray for the following relief:

    a. Judgment against Defendants for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 1.866.339.1156
tjs@legalhelpers.com
Attorneys for Plaintiff